**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEIBINSOM ALIRIO NINO ESCALANTE, | ) | |
| Petitioner, | ) | No. 3:26-cv-01668 |
| v. | ) | Chief Judge Cathy Bissoon |
| LEONARD ODDO, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Deibinsom Alirio Nino Escalante's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition"). Petitioner is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. Petitioner alleges an entry date into the United States in or around July 2023, and that Petitioner has continuously resided in the United States since then. Petitioner was placed into immigration detention on or around July 20, 2026. There is no indication that Petitioner has any criminal convictions.

The Petition asserts that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). Respondents concede that the Court of Appeals for the Third Circuit's holding in Buele Morocho v. Warden Philadelphia FDC, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), applies to the instant case, and that mandatory detention under Section 1225(b)(2)(A) does not apply to Petitioner. This Court likewise repeatedly has held that mandatory detention under Section 1225(b)(2)(A) applies only to noncitizens apprehended upon entry into the country or shortly thereafter. See, e.g., Tejeda

Perez v. Oddo, No. 3:26-cv-00745, Doc. 8 (W.D. Pa. May 28, 2026). For the reasons set forth in Buele Morocho and Tejeda Perez, the Court finds that Petitioner is detained under Section 1226(a) and, therefore, is owed an individualized bond hearing before a neutral immigration judge.[1]

**AND NOW**, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law. Respondents are **ORDERED** to provide Petitioner with such a hearing, or release Petitioner, on or before November 5, 2026. The petition is **DENIED** to the extent it requests any additional relief without prejudice to renewal.

October 6, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via First-Class U.S. Mail):

Deibinsom Alirio Nino Escalante
A245-055-939
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866

cc (via ECF email notification):

All Counsel of Record

[1] The Court acknowledges that the Executive Office for Immigration Review's case status page currently appears to reflect that Petitioner was granted voluntary departure on October 1, 2026. See 8 U.S.C. § 1229c(a)(1), (b)(1) (affording noncitizens the opportunity voluntarily to depart in lieu of, prior to or at the conclusion of 8 U.S.C. § 1229a proceedings). But no indication of mootness appears on the record, and the ICE Online Detainee Locator Service, https://locator.ice.gov/odls/#/search, represents that Petitioner remains detained at Moshannon Valley Processing Center as of the docketing of this Order.